

**U.S. Department of Justice**

Roscoe C. Howard, Jr.
United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

FILED
JUL 13 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

July 7, 2005, **FINAL**

Ms. Dani Jahn, Esq., AFPD
Counsel for Defendant Keith Powers
Office of the Federal Public Defender
625 Indiana Avenue, N.W., Fifth Floor
Washington, D.C. 20004
(202) 208-7500
(202) 208-7515 (fax)
Dani_Jahn@fd.org

Re: United States v. Keith Powers, Cr. No. 05-0229 (CKK)(formerly Mag. No. 05-0190m)

Dear Ms. Jahn:

This letter states the plea agreement between your client, Keith Powers, and the United States of America (also called "this office" or "the government" in this letter). As you know, the Government filed a criminal information with the Court containing the two charges to which defendant is pleading guilty. The case has been calendared before U.S. District Judge Colleen Kollar-Kotelly, as Cr. No. 05-0229 (CKK), and it has been referred to U.S. Magistrate Judge D.A. Robinson for a Rule 11 colloquy now set for Monday, July 11, 2005, at 9:00 a.m.. The information charges defendant with: (1) a violation of 18 U.S.C. § 922(g)(1), that is, unlawful possession of a firearm and ammunition after conviction of a crime punishable by imprisonment for a term exceeding one year; and, (2) unlawful possession with intent to distribute cocaine, in violation of D.C. Code § 48-904.1(a)(1) (2001 ed.) (formerly DCC § 33-541(a)(1) (1981 ed.)). The terms and conditions of this plea offer are:

Defendant Powers' Obligations:

1(a) Your client, Keith Powers, agrees to admit his guilt and enter pleas of guilty to the offenses charged in the criminal information now pending in this case. With respect to the federal gun crime, your client understands the following about the maximum penalties for unlawfully possessing a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year, which is a violation of 18 U.S.C. § 922(g)(1): This offense is a Class C felony, as set forth in 18 U.S.C. § 3559(a)(3). Under 18 U.S.C. § 924(a)(2), the maximum penalties for this offense are:

(A) A term in prison of not more than ten years;

(B) A fine of not more than $250,000, (18 U.S.C. 3571(b)(3));
(C) A term of supervised release -- after any time in prison -- of not more than three years (18 U.S.C. 3583(b)(2));
(D) A special assessment of $100, (18 U.S.C. § 3013(a)(2)(A)).

Similarly, your client knows that, under D.C. Code § 48-904.01(a)(2)(A), the maximum penalties for unlawful distribution of cocaine are:

(A) A term in prison of not more than 30 years;
(B) A fine of not more than $500,000, or both term in prison and the fine; and,
(C) After any term of imprisonment, "a period of supervision ("supervised release") . . . ," of five years, DCC §§ 24-403.01(b)(1) & 24-403.01(b)(2)(A); and,
(D) An assessment of between $100 and $5000 to the Crime Victims Compensation Fund. D.C. Code § 3-436.

(for his conviction of a federal offense) BSW DS KP

(b) Your client further understands that he will be sentenced according to 18 U.S.C. §§ 3553(a) & 3553(c)-3553(f), upon consideration of the U.S. Sentencing Commission Guidelines Manual ("Sentencing Guidelines" or "U.S.S.G."), which will apply to determine your client's guideline range. Your client also understands that 18 U.S.C. § 3571 and U.S.S.G. § 5E1.2 authorise the Court to levy a fine that is enough to pay the federal government its costs of any imprisonment, term of supervised release, and period of probation. Your client agrees to pay the $100 special assessment to the Office of the Clerk of the Court for the U.S. District Court for the District of Columbia before the date of sentencing.

(c) In any event, your client recognizes that the final sentencing range is determined solely by the trial court, usually based upon information contained in a Presentence Investigation (PSI) report prepared by the U.S. Probation office. Whatever lawful sentence the Court imposes in this case, including a sentence more severe than your client expected when pleading guilty, your client knows that he will have no right to withdraw his plea.

2. In entering this guilty plea, your client understands he is waiving certain rights afforded him by the U.S. Constitution or by statute. Your client understands that the Fifth Amendment to the U.S. Constitution states that he may not be compelled in any criminal case to be a witness against himself. By entering this guilty plea, your client knowingly and voluntarily waives this right because he will admit under oath that he did the acts making out the crimes to which he is pleading guilty. Your client also understands that by pleading guilty he gives up his rights:

(1) to have an indictment returned against him after his arrest within the time set forth in the Speedy Trial Act, 18 U.S.C. §§ 3061, *et seq.*;
(2) to be tried to a jury or a judge sitting without a jury;
(3) to be assisted by an attorney at trial;
(4) to confront and cross-examine witnesses against him;
(5) to challenge the admissibility of the evidence against him;
(6) to testify in his own behalf and to present witnesses at trial in his behalf;
(7) to appeal any rulings made by the trial court in this case, except those concerning

whether any sentence in this case was lawfully imposed; and,
(8) to be prosecuted by grand jury indictment on the felony charges to which he is pleading guilty; instead, your client agrees to plead guilty to a criminal information.

By signing this letter below, your client states that he understands the rights that he is waiving, that he has discussed what this means with his attorney, and that he freely waives them, knowing why he is doing so. Your client agrees further that should he ever move to withdraw this guilty plea, whatever other consequences it may have, this paragraph and his signature on this document may be used to show that he made an informed and voluntary decision to plead guilty.

3(a). Your client specifically admits certain facts as true when pleading. He agrees that his plea is proof of each fact beyond a reasonable doubt and that the government separately can prove each fact is true beyond a reasonable doubt. These facts are:

The events in this case took place shortly before ~~7:15 a.m.~~ 11 pm BSW in the ~~morning~~ evening BSW of Saturday, April 9, 2005, during a traffic stop in the 3200 block of 15th Place, S.E., Washington, D.C. At that time, sworn officers of the Metropolitan Police Department (MPD) saw defendant Powers throw an object out of the window of the pick-up truck he had been driving. An officer picked this object up and found it to be a clear sandwich bag containing nine ziplocks, each with a rock of suspected crack cocaine base in it. Police arrested defendant and searched the car, finding a loaded Smith & Wesson-made nine-millimetre pistol in the side arm rest. That arm rest is connected to the front bench seat of the pick-up truck, and is next to the driver's seat, where Mr. Powers had been sitting. Defendant acknowledged having the gun by giving police a reason why he was carrying it. The rocks of crack cocaine were of a size sold for between $80-100 each in street sales. Police also seized more than $900 from your client when arresting him.

When field-tested, at some of the suspected crack cocaine base gave a result showing that it had cocaine in it. The drugs police seized from your client have been submitted to a laboratory for complete analysis. Your client acknowledges as part of this proffer that he intended to sell the ziplocks of crack cocaine base he possessed, and that he did not intend to use all of them himself.

The gun seized from your client's ~~jacket~~ arm rest BSW DCJ KP was a loaded nine-milimetre, semi-automatic pistol, which the Smith & Wesson company had manufactured. Neither the pistol nor the 15 bullets in it were made in the District of Columbia. Thus, they had travelled in interstate or foreign commerce when found in your client's possession. Further, your client agrees that the Government can prove that the Smith & Wesson gun is a weapon that was designed to or does shoot a bullet using gunpowder, that is, a weapon that was designed to or does expel a projectile by the action of an explosive. Indeed, the gun shot a bullet when police test-fired it. As part of this plea, your client acknowledges that he has been convicted of a crime punishable by imprisonment for a term exceeding one year in the Circuit Court of Prince Georges County, Maryland, in case CT991886C, on or about July 21, 2000.

This conviction was for possession with intent to distribute a controlled dangerous substance (CDS), cocaine, for which your client received a sentence of ten years in prison, of which seven years were suspended during a period of probation.

(b) As part of this plea agreement, defendant acknowledges that his base offense level is at least 20 under U.S.S.G. § 2K2.1(a)(4), because he has a prior conviction for a controlled substance offense as defined in U.S.S.G. § 4B1.2(b). Additionally, defendant agrees that he is subject to a four-level enhancement in his offense level under U.S.S.G. § 2K1.1(b)(5), involving possession of the firearm in connection with another felony offense. Defendant further agrees that he will not seek any reduction in his adjusted offense level, other than for acceptance of responsibility. Defendant agrees that he will not ask the Court to sentence him to less time in prison than the low end of the guideline range that the Court finds will govern defendant's sentence. Defendant will not seek a downward departure from the sentencing range in this case. Defendant acknowledges his conviction set forth above in Maryland in CT991886C. Defendant further acknowledges that in Prince Georges County, Md., in case number CT991348x, he was convicted of possession of a controlled dangerous substance on or about January 18, 2000, for which he was sentenced to a term of four years in prison, with three years and six months of that term suspended during a period of two years of probation.

(c) To that end, the Government agrees that it will ask the Court to sentence defendant to the low end of the guideline range that the Court finds will govern defendant's sentence for the conviction of the gun-related crime. In keeping with this, of course, the Government will not ask the Court to depart above the sentencing range established for defendant's federal gun-related conviction. Additionally, the Government agrees to recommend to the Court that the sentences for the gun and the drug convictions run concurrently, and that any sentence of imprisonment for the drug conviction (under D.C. Code) not be longer than any sentence of imprisonment for the federal gun conviction.

(d) Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred before he pleads guilty. Should your client do anything after his plea that could form the basis for an increase in his base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court), this agreement lets the Government seek an increase in the base offense level based on that post-plea conduct.

4. Following your client's guilty pleas, the Government agrees that it will not oppose your client's request to continue to be released pending sentencing on the same bail. But, following the date of his guilty plea, if your client violates any condition of his release, in any way, whether that violation is new criminal conduct or not, this agreement permits the Government to ask the Court to detain your client without bail pending sentencing.

5. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a) & 3553(c)-3553(f), upon consideration of the U.S. Sentencing Commission's <u>Guidelines Manual</u>. Your client further understands that the sentence to be imposed

is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not bound to follow any recommendation of the Government at the time of sentencing.

6. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter, except for what we have agreed to in Paragraph 3 (and its subparagraphs) above. Other than the limitations agreed to in that paragraph, this office otherwise reserves its right to recommend a specific period of incarceration and a fine up to the maximum sentence of incarceration and fine allowable by law. In addition, insofar as we have agreed here to recommend or not recommend to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation to defend the Court's ultimate decision on such issue. Your client further understands that the Government retains its full right of allocution in any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons or the U.S. Parole Commission. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or any post-sentence downward departure motion under Rule 35 of the Federal Rules of Criminal Procedure. ***This agreement permits the government to defend at any time in any Court any ruling made by the trial court in this case, even if we initially have agreed not to ask the Court to make that ruling.***

7. Your client understands and agrees that he is not allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

8. Your client consents to the administrative forfeiture, official use, and/or destruction by any law enforcement agency of the contraband drugs and gun that police seized in this case.

The Government's Obligations and Acknowledgments:

9(a) In return for your client's entry of pleas of guilty to the drug and gun offenses in the information, this office agrees that it will not prosecute your client on any other criminal charges, under either federal or District of Columbia law, arising from your client's arrest in this case on April 13, 2005.

(b) This office agrees that it will not file with the Court an information under 21 U.S.C. § 851(a) or D.C. Code § 23-111 or concerning defendant's prior conviction for a narcotic offense.

10. The government agrees that your client's base offense level should be reduced by three levels to reflect his acceptance of responsibility by entering into an early guilty plea. The government will advise the probation officer preparing the PSI report that defendant should receive a three-level reduction for acceptance of responsibility. (***The government reserves the right to oppose such a reduction for acceptance of responsibility should your client do anything inconsistent with acceptance of responsibility, as defined in U.S.S.G. § 3E1.1.***) The government will make clear that your client indicated very quickly after his arrest that he wished to accept responsibility and that, to this end, he agreed to exclude time from the period in which the Speedy Trial Act requires the government to ask the grand jury to return a felony indictment. Should the

Court require a motion for your client to receive the full, three-level reduction for acceptance of responsibility, the Government agrees that the final, signed version of this plea letter may be treated as such a motion.

General Provisions

11. The parties agree that the government will not seek an upward departure and your client will not seek a downward departure from the final sentencing guideline range determined by the Court at sentencing.

12. This agreement only binds the U.S. Attorney's Office for the District of Columbia. It does not bind any other U.S. Attorney's Office or any other office or agency of the U.S. Government; or any state or local prosecutor. These individuals, offices, and agencies remain free to prosecute your client for any offense(s) within their respective jurisdictions.

13. This letter sets forth the entire understanding between the parties and makes up the full plea agreement between your client and the government. Nothing in this agreement shall be construed as enlarging or broadening the government's obligations. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client. There are no other agreements, promises, understandings, or undertakings between your client and the Government, and your client understands that there can be no valid addition or change to this agreement unless it is made on the record in open Court or in writing signed by both parties.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

Barry Wiegand

BY: Barry Wiegand
Assistant U.S. Attorney
(202) 514-7315 (o); (202) 514-8707 (fax)
William.B.Wiegand@USDoJ.Gov

**DEFENDANT'S ACCEPTANCE**

I have read this letter containing the plea agreement and have discussed it fully with my attorney, Ms. Dani Jahn, Esq., AFPD, who has explained the meaning of the entire agreement to me. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this

plea agreement and matters related to it.

Date: 7/11/05

K. Powers
Keith Powers, Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read each of the seven pages constituting this plea agreement, reviewed them with my client, and discussed its provisions with him fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 7/11/05

Dani Jahn
Ms. Dani Jahn, Esq., AFPD
Attorney for Defendant Keith Powers