UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 05-229 (CKK) |
| : | |
| KEITH POWERS, : | |
| : | |
| **Defendant** : | |

### SENTENCING MEMORANDUM

On July 13, 2005, Mr. Keith Powers, the defendant, pled guilty to a two-count Information. The Information included Count One - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), Count Two - Unlawful Possesion with Intent to Distribute a Controlled Substance, in violation of 48 D.C.C. § 904.01(a)(1). He will appear before this Honorable Court for sentencing on November 18, 2005. Mr. Powers, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a reasonable sentence.

### Background

Mr. Powers grew-up in Prince George's County, Maryland where he lived with his mother and three sisters. Mr. Powers has not seen his father since he was a toddler and as a result his mother was the sole provider to Mr. Powers and his siblings. In addition to the financial difficulties of being raised by a single mother, one of Mr. Powers' siblings suffers from Huntington's Disease which is a degenerative brain disorder to which there is no cure. At an early age, in addition to being the oldest sibling, Mr. Powers has assisted in the care-taking of his sister before she was placed into a rehabilitation center.

In addition to the family struggles Mr. Powers has faced, he has positively addressed his marijuana use. The last drug test to which Mr. Powers tested positive for marijuana was June 6, 2005. In addition to the drug testing as required by the conditions of pretrial release, Mr. Powers has been attending N.A./A.A. meetings regularly.

Further, as stated in the Pre-Sentence Report, Mr. Powers has been employed with a temporary agency since July 2005. He has also applied for various other positions and is actively seeking further employment opportunities.

**Argument**

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 57 to 71 months incarceration. There are no disputes to this calculation. In accordance with the plea agreement in this case, Mr. Powers is not seeking to ask the Court to sentence him to less time in prison other than the low end of the guideline range. Therefore, Mr. Powers requests that he be sentenced to 57 months imprisonment.

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. While the plea agreement precludes Mr. Powers from arguing for a sentence below the applicable guideline range, the factors identified in 18 U.S.C. § 3553(a) support Mr. Powers's request that he be sentenced to the low-end of the guideline range. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, __ U.S. __, 125 S.Ct. 738, 764 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

When considering the characteristics of Mr. Powers, the Court should consider that Mr. Powers has held jobs during his release and is successfully addressing his issues regarding the use of marijuana, thereby demonstrating that he wants to turn his life around. With the help of job placement counseling, Mr. Powers is confident that he can make a law-abiding life for himself, regardless of his past.

Sentencing Mr. Powers to the low end of the guideline range of 57 months is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Powers with needed educational or vocational training and medical care." <u>See</u> 18 U.S.C. § 3553(a).

## **Conclusion**

For all of the foregoing reasons and such other reasons as may be discussed at the sentencing hearing in this matter, Mr. Powers respectfully submits that a sentence of 57 months is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

/s/

_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500